# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6972 | **DATE** | 6/10/2002 |
| **CASE TITLE** | ROBERT HIGDON vs. ENTENMANN'S SALES CO., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's revised [46-1] motions *in limine* [38-1][43-1] are granted in part and denied in part. Defendant Entenmann's motion *in limine* to bar opinion testimony by John Sladek [40-1] is granted. Defendant Entenmann's motions *in limine* to exclude evidence related to damages [39-1] and to exclude argument it breached Article 15, Section 3 of the collective bargaining agreement [41-1] are denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | | Document Number |
|---|---|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | | | |
| | No notices required. | | | number of notices | | |
| | Notices mailed by judge's staff. | | | JUN 1 1 2002 | | |
| | Notified counsel by telephone. | | | date docketed | | **52** |
| | Docketing to mail notices. | | | | | |
| | Mail AO 450 form. | | | *15* | | |
| | Copy to judge/magistrate judge. | | | docketing deputy initials | | |
| | | | | date mailed notice | | |
| CB | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



JUN 1 1 2002

ROBERT HIGDON                    )
                                 )
                    Plaintiff,   )      No. 01 C 6972
                                 )
        v.                       )      Suzanne B. Conlon, Judge
                                 )
ENTENMANN'S SALES CO., INC., et al. )
                                 )
                    Defendants.  )

## MEMORANDUM OPINION AND ORDER

Robert Higdon ("Higdon") sues Entenmann's Sales Company, Inc. ("Entenmann's") and
International Brotherhood of Teamsters Local 734 ("Local 734")(collectively, "defendants") for
violations of § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq*.
Specifically, Higdon claims Entenmann's breached the collective bargaining agreement ("CBA")
with Local 734 by terminating him without just cause and for his union activity. Higdon also claims
Local 734 breached its duty of fair representation by failing to adequately contest his suspension and
termination. The court denied defendants' motions for summary judgment and set the case for trial.
Higdon and Entenmann's each move *in limine* to bar certain evidence at trial.

### DISCUSSION

**I.    Standard of Review**

The background of this case is discussed in the court's order denying defendants' summary
judgment motions. *See Higdon v. Entenmann's Sales Co., Inc.*, 2002 WL 653896 (N.D. Ill. Apr. 19,
2002). The court excludes evidence on a motion *in limine* only if the evidence is clearly
inadmissible for any purpose. *See Hawthorne Partners v. AT&T Technologies*, 831 F. Supp. 1398,

1



1400 (N.D. Ill. 1993). Motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id.* Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context. *Id.* at 1401. Denial of a motion *in limine* does not indicate evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion demonstrates the court cannot determine whether the evidence in question should be excluded outside the trial context. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

## II.     Higdon's Motions *in Limine*

### A.     Disposition of Higdon's Pre-Election Protest

Higdon first moves to bar defendants from introducing any evidence relating to the International Brotherhood of Teamster's ("IBT") denial of his pre-election protest and subsequent appeal. In denying Higdon's pre-election protest, the election administrator made findings of fact based on an investigation completed by an election administrator representative. (Entenmann's Ex. 17; Local 734 Ex. 5). Thereafter, the election appeals master adopted the election administrator's findings in denying Higdon's appeal. (Entenmann's Ex. 19; Local 734 Ex. 6). Higdon contends the decisions contain inadmissible hearsay, are more prejudicial than probative and constitute improper lay or expert opinion. Local 734 and Entenmann's filed separate responses.

In its response, Local 734 argues that decisions qualify under the business record exception to the hearsay rule. Under Federal Rule of Evidence 803(6), records kept in the course of regularly conducted business activity are admissible. Fed.R.Evid. 803(6). However, Rule 803(6) does not encompass third party statements contained in the business record. *See Woods v. City of Chicago*, 234 F.3d 979, 986 (7th Cir. 2000). Local 734 has not offered any hearsay exception encompassing

2

the statements made to the election administrator representative who then conveyed the information to the election administrator. Therefore, the statements contained in the decisions are not admissible under Rule 803(6).

In its response, Entenmann's argues the decisions qualify under the public records exception to the hearsay rule. Under Federal Rule of Evidence 803(8), records kept pursuant to a legal duty are admissible. Fed.R.Evid. 803(8). The IBT is not a public office or agency. Therefore, the decisions are not admissible under Rule 803(8).

Defendants may not offer testimony regarding the IBT's disposition of Higdon's pre-election protest. The question of whether Higdon's suspension and termination was in retaliation for his union activities must be decided by the jury. In this context, the IBT's determination that its investigation did not reveal evidence linking Higdon's union activity to his suspension and termination has little probative value. The admission of the IBT's decisions would result in a prolonged inquiry into the nature and extent of the investigation. The probative value of the decisions is substantially outweighed by the likelihood of unfair prejudice, jury confusion and waste of time on collateral issues. Higdon's motion *in limine* to exclude the disposition of Higdon's pre-election protest is granted.

## B.    Attorney Advice Regarding Arbitration

Higdon next moves to bar defendants from introducing evidence relating to advice given by Local 734's attorney regarding possible arbitration of Higdon's termination. Specifically, Local 734 seeks to introduce two letters from its attorneys: one relates to Higdon and an Alpha Baking employee (Local 734 Ex. 8) and the other relates to a Chicago Baking Company employee (Local 734 Ex. 9). Higdon contends the attorney's advice is inadmissible hearsay, more prejudicial than

3

probative and should be barred based on defendants' discovery violations. Local 734 and Entenmann's filed separate responses.

Local 734 and Entenmann's argue the attorney's advice regarding arbitration of Higdon's termination is not hearsay because it is not offered to prove the truth of the matter asserted. Rather, defendants offer the attorney's advice to show Local 734's actions in processing Higdon's grievance were not arbitrary, discriminatory or in bad faith. Used for this purpose, the attorney's advice regarding possible arbitration of Higdon's termination is not hearsay. Higdon may cross-examine regarding the basis for the attorney's advice.

Nevertheless, Higdon claims Local 734's refusal to allow deposition questioning of its witnesses regarding these attorney-client communications requires exclusion of this evidence. Discovery closed on March 6, 2002. Higdon did not move to compel deposition testimony regarding these communications before discovery closed. Therefore, Higdon's motion *in limine* is denied as to attorney's advice regarding possible arbitration of Higdon's discharge. *See Nichols v. City of Chicago*, No. 89 C 3526, 1992 WL 92117, at *3 (N.D. Ill. Apr. 30, 1992) (motion *in limine* denied where moving party failed to enforce discovery rights).

However, Higdon's motion *in limine* is granted as to legal advice regarding possible arbitration of other employee discharges. Neither Local 734 or Entenmann's address the relevance of this evidence. Absent any showing that the evidence is relevant to Higdon's discharge, the evidence must be excluded.

## III.    Entenmann's Motions *in Limine*

### A.    Opinion Testimony of John Sladek

Entenmann's first moves to exclude opinion testimony of John Sladek. In response, Higdon confirms Sladek will testify that: (1) Entenmann's did not follow the usual progressive discipline policy in disciplining Higdon; (2) anyone other than Higdon would not have been discharged for having a route due bill; and (3) Local 734 would have taken the case to arbitration for anyone other than Higdon. Response at 1-2.

Lay opinions must be "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in the case." Fed.R.Evid. 701. Higdon has not offered evidence that Sladek has personal knowledge of Entenmann's discipline or discharge decisions for any employee, including Higdon, or Local 734's arbitration decisions for any employee, including Higdon. The fact Sladek worked for Entenmann's for 18 years and ran for Local 734 office in 1996 and 1999 does not provide him first-hand knowledge of either defendants' managerial decisions. Therefore, inferences Sladek seeks to draw are too speculative to be helpful to the jury. *See United States v. Santos*, 201 F.3d 953, 962 (7th Cir. 2000). Entenmann's motion *in limine* to exclude the opinion testimony of John Sladek is granted.

### B.    Damages

Entenmann's next moves to bar Higdon from introducing evidence relating to damages, including back pay loss incurred in connection with his time-barred suspension. In response, Higdon contends Entenmann's waived the statute of limitations defense by failing to plead it as an affirmative defense.

Federal Rule of Civil Procedure 8(c) requires a defendant to plead affirmative defenses, including the statute of limitations. A defendant may waive an affirmative defense by failing to include the defense in its answer *Johnson v. Sullivan*, 922 F.2d 346, 355 (7th Cir. 1990)(*en banc*). Indeed, the statute of limitations defense must be raised in a timely fashion. *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997). In the amended complaint, Higdon alleges that Entenmann's breached the CBA by suspending him. Complaint at ¶ 59. Nevertheless, Entenmann's has not offered any reason excusing its failure to plead the statute of limitations as an affirmative defense in its answer. Therefore, Entenmann's motion *in limine* to exclude back pay losses incurred in connection with Higdon's suspension is denied.

Entenmann's moves to bar Higdon from introducing evidence of consequential and emotional distress damages. Specifically, Entenmann's claims these damages are not available in § 301 hybrid actions. Congress has not specified the remedies available in a § 301 hybrid action. *See IBEW v. Foust*, 99 S.Ct. 2121, 2125 (1979). However, the Supreme Court has recognized "the fundamental purpose of unfair representation suits is to compensate for injuries caused by violations of employee rights." *Id.* at 2125-26. Indeed, "relief in each case should be fashioned to make the injured employee whole." *Id.* at 2126. Higdon's only recourse for emotional distress suffered as a result of his suspension and termination is through a § 301 hybrid action. *See Douglas v. American Information Technologies Corp.*, 877 F.2d 565 (7th Cir.1989)(common law intentional infliction of emotional distress claim preempted by § 301). Therefore, Higdon may offer evidence of loss resulting from defendants' alleged violation of his rights, including emotional distress. Entenmann's motion *in limine* to exclude evidence related to damages is denied.

## C.    Breach of the CBA

Finally, Entenmann's moves to bar Higdon from introducing evidence it breached Article 15, Section 3 of the CBA by not properly furnishing Local 734 with the cash stop rule one week before its effective date. Specifically, Entenmann's argues Higdon's claim is barred by the statute of limitations and his failure to exhaust his administrative remedies. As discussed above, Entenmann's was required to plead the statute of limitations or risk forfeiting the defense. In the amended complaint, Higdon alleges Entenmann's breached the CBA by failing to provide Local 734 with the cash stop rule before its effective date. Complaint at ¶¶ 47, 49. Nevertheless, Entenmann's has not offered an explanation for its failure to raise the statute of limitations as an affirmative defense in its answer. Nor has Entenmann's explained why it failed to plead Higdon's failure to exhaust administrative remedies. Entenmann's waived both defenses. *Johnson*, 922 at 355 (statute of limitations); *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999)(failure to exhaust administrative remedies).

Entenmann's claims the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Specifically, Entenmann's claims "the jury may leap to the conclusion that it breached Articles 5 [termination without just cause] and 6 [termination for union activity] without carefully considering the facts of the case" if Higdon "were able to prove that Entenmann's breached Article 15 of the CBA." Motion at 4. Higdon responds that Entenmann's promulgation of the cash stop rule, which violated Article 15, was a pretext for violation of Articles 5 and 6. The jury is presumed to have the capacity to understand and follow jury instructions. The probative value of Entenmann's alleged breach of Article 15 is outweighed by possible prejudice to Entenmann's.

Entenmann's motion *in limine* to exclude evidence of Entenmann's alleged breach of Article 15, Section 3 of the CBA is denied.

## CONCLUSION

Higdon's motions *in limine* are granted in part and denied in part. The motion to bar evidence relating to the disposition of his pre-election protest is granted. The motion to bar attorney advice regarding arbitration of Higdon's discharge is denied, but is granted as to other employee discharges. Entenmann's motions *in limine* are granted in part and denied in part. The motion to bar opinion testimony of John Sladek is granted. The motions to bar evidence related to damages and to bar evidence of Entenmann's alleged breach of Article 15, Section 3 of the CBA are denied.

June 10, 2002

ENTER:

Suzanne B. Conlon
United States District Judge